## Alexander J. Fish v. Chicago Stamping Company.

1. Contracts—*Manufacture of Experimental Articles.*—Where a person follows the directions of another in making for him an experimental article, from a pattern furnished, he is not to be denied payment because the article is not as fit for the uses contemplated, as the pattern furnished.

2. Evidence—*Copies—Notice to Produce Originals.*—Where a notice to produce an original document is not given in time to warrant the introduction of a copy, the court may, notwithstanding, permit its admission, with the understanding that time shall be given the adverse party in which to produce the original and leave thereafter to move to strike out the copy.

Assumpsit, for goods sold and delivered. Appeal from the Superior Court of Cook County; the Hon. John Barton Payne, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed June 3, 1895.

John S. Cook, attorney for appellant.

It is contended that the court erred in admitting secondary evidence of the contents of the letter of January 23, 1891, without notice served upon appellant a reasonable time before the trial to produce the original. Citing Cummings v. McKinney, 4 Scam. 59; Bushnell v. Bishop Hill Co., 28 Ill. 207; Cody v. Hough, 20 Ill. 45.

ROSENTHAL, KURZ & HIRSCHL, attorneys for appellee.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The plaintiff, appellee, made to appellant the following proposition:

"CHICAGO, Jan. 23, 1891.

A. J. FISH & Co., No. 159 Lake St., City:

GENTLEMEN: We confirm our verbal quotations on your Charlotte Russe Molds as follows:

For a lot of 10 M, made from plain tin......$ 70.00 per M.
              Re-tinned............ 110.00  "   "
For a lot of 25 M, made from plain tin..... 55.00  "   "
              Re-tinned............ 95.00  "   "

These are to be made from first quality charcoal tin, and the prices are for the complete mold, including the inside and outside pieces.

We will give you one year's time to take any quantity you order, and if for any reason you should fail to take the entire order, we will release you by the payment of whatever expenses we have been to, which will not exceed $200.

Subsequent orders will be furnished at the same prices as we quote on 25 M lots.          Yours truly,

THE CHICAGO STAMPING COMPANY.

L. STURGES."

Defendant did not wish to order 10,000 at one time, but wished to order 1,000, with the privilege of changing his order to 10,000, and agreed that in case he should not take 10,000, he would pay the cost of making the tools.

Appellee agreed to this, made the tools and some molds, of which molds appellant took 546, he paying for them. The cost of making the tools was $175.

The molds did not suit. Appellant complained of them. The heat of a baking oven expanded them in such a manner that the raw edge would cut the hand, and the covers snapped off in the oven, or would not come off when desired.

There is contradictory evidence as to what was said, done and promised as to the defective molds.

Rand, McNally & Co. v. Continental Fire Ins. Co.

Under the contract, appellant not having taken the entire order, was bound to pay the cost of making the "tools," by which the molds were made.   If the molds for which he paid were defective through the fault of appellee, appellant might, perhaps, have had his damage therefrom deducted from the cost of the "tools," but he failed to prove any amount of damage; and as must be presumed, the court below found the tools were not defective, and that appellant failed to prove that the defective condition of the molds was owing to any fault of appellee.

The manufacture of these molds was an experiment; how they would work in actual use was not known.   The mold was a new thing, for which appellant had applied for a patent.

We see no sufficient reason for reversing the finding of the court below upon the facts.

The written proposition was proven by a letter press copy introduced by appellee.   Notice to produce the original was not given in sufficient time to warrant the introduction of a copy, but the copy was admitted with the understanding that time should be given appellant in which to produce the original, and leave to appellant to thereafter move to strike out said copy.   Ample time, one week, was given. The original was not produced and no such motion to strike out was made.

The judgment of the court for $175 is affirmed.

MR. JUSTICE GARY.

I dissent on the ground that in my judgment the appellee took the risk of being able to make working molds of tin, but as the case must end here, it is not worth while to enlarge.